IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, an Illinois Corporation,<br><br>      Plaintiff,<br><br>  v.<br><br>ANDREW PIRA, RICHARD PIRA, and ALEXANDER YIN,<br><br>      Defendants.<br>_____/<br>AND ALL RELATED COUNTERCLAIMS AND CROSS-CLAIMS<br>_____/ | No. C 11-3511 CW<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS AND STRIKE PORTIONS OF THE FIRST AMENDED COUNTERCLAIM (Docket No. 44) |

    Plaintiff Allstate Insurance Company seeks to dismiss and to strike portions of the first amended counter-complaint (1ACC) filed against it by Defendant Alexander Yin. Yin opposes Allstate's motion. Having considered the papers filed by the parties and their arguments at the hearing, the Court GRANTS Allstate's motion.

BACKGROUND

    The parties agree that the present case arises out of a state court action, <u>Yin v. Pira</u>, Case No. 07-461391, initiated by Yin in the Superior Court for the City and County of San Francisco on March 16, 2007. Compl. ¶ 8; Answer ¶ 8. In that case, Yin alleged that, on March 17, 2005, he had been shot while standing with Defendant Andrew Pira, and that Andrew Pira and his father, Richard Pira, were liable for his injuries. Compl. ¶ 8; Answer ¶ 8. <u>See also</u> Compl. ¶ 8, Ex. A (State Ct. Compl.). In the state

case, Yin had alleged that Andrew Pira was a minor at the time of the shooting and sought to hold Richard Pira responsible for negligent supervision, imputed parental liability for willful conduct and parental liability for allowing his son access to a firearm.  State Ct. Compl. ¶¶ 21-35.  Following trial, a jury returned a verdict in favor of Yin on multiple counts, finding both Andrew and Richard Pira liable for his injuries.  Compl. ¶ 11; Answer ¶ 11.  On December 16, 2011, judgment was entered in favor of Yin against Andrew Pira for damages in excess of one million dollars and against Richard Pira for damages of approximately seven hundred and fifty thousand dollars.  On or about February 16, 2012, these amounts were reduced to $865,969.92 and $568,969.92, respectively.

    Allstate initiated this action on July 18, 2011.  In its complaint, Allstate seeks a declaration that it does not have a duty to indemnify the Piras or pay the judgment against them.  Compl. ¶ 20.

    On the date of the shooting, Allstate insured a property at 258-260 Peabody Street in San Francisco, California under policy number 914083772.  1ACC ¶ 9.  The named insured was Erlinda Ipac, Richard Pira's mother and Andrew Pira's grandmother.  Id. at ¶¶ 40-41.[1]  The policy obliges Allstate to pay certain damages "which an insured person becomes legally obligated to pay because of bodily injury or property damages arising from an occurrence to

---

[1] Allstate alleges that, at the time of the shooting, Erlinda Ipac was also the named insured under Allstate policy number 037721165, which insured a property at 64 Westgate Drive.  Compl. ¶ 6.  In the 1ACC, Yin raises claims related only to policy number 914083772.

2

which this policy applies, and is covered by this part of the policy." Id. at ¶ 40. The policy specifically excludes from this coverage "any bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any insured person." Allstate Policy No. 914083772, Coverage X.1.

"Insured person(s)" is defined in the policy as "you and, if a resident of your household: a) any relative; and b) any dependent person in your care." 1ACC ¶ 40. Richard Pira resided at 260 Peabody Street on March 17, 2005. Id. at ¶ 41. Yin alleges that Andrew Pira did not reside there on that date, and that he instead resided at 64 Westgate Drive. Id.

The clerk entered default as to Andrew Pira on September 9, 2011 and as to Richard Pira on October 14, 2011. Docket Nos. 11, 18.

After being served with this lawsuit by publication, Yin filed an answer and counter-complaint on February 2, 2012. Docket Nos. 32, 35, 36. Allstate moved to dismiss the counter-complaint on February 27, 2012. Docket No. 37. Yin then filed the 1ACC on March 19, 2012. Docket No. 42. In the 1ACC, Yin brings five counterclaims against Allstate related only to the state court judgment against Richard Pira: (1) recovery of judgment pursuant to California Insurance Code section 11580; (2) breach of contract; (3) breach of the implied covenant of good faith and fair dealing; (4) injunctive relief and restitution under the California Unfair Competition Law (UCL), California Business and Professions Code §§ 17200, et seq.; and (5) declaratory relief.

3

Yin seeks as relief punitive and exemplary damages, among other things.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

4

1    Under Federal Rule of Civil Procedure 12(f), the Court may
2 also strike from a pleading "any redundant, immaterial,
3 impertinent or scandalous matter."  The purpose of a Rule 12(f)
4 motion is to avoid spending time and money litigating spurious
5 issues.  Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir.
6 1993), rev'd on other grounds, 510 U.S. 517 (1994).

## DISCUSSION

Allstate seeks to dismiss Yin's third and fourth counter-claims and to strike or dismiss the fifth counter-claim. Allstate also seeks to strike the demand for punitive damages. Allstate does not challenge Yin's first two counter-claims for recovery of judgment or breach of contract in this motion.

I.  Third counter-claim for breach of the covenant of good faith and fair dealing

In the third counter-claim, Yin alleges that Allstate violated the covenant of good faith and fair dealing by unreasonably refusing to pay Yin the judgment against Richard Pira even though it knew that the denial was contrary to its obligations under its insurance policy, failing to conduct a prompt and fair investigation and processing of Yin's claim, and instituting this action to obtain a default from the Piras on their duty to defend and indemnify them, while simultaneously employing a law firm to act on their behalf in state court.  1ACC ¶ 27.

To the extent that Yin's claim is based on the filing of the instant lawsuit, it is barred by the litigation privilege.  The California Supreme Court explains that the purpose of this privilege is "to afford litigants . . . the utmost freedom of

5

1 access to the courts without fear of being harassed subsequently
2 by derivative tort actions." Silberg v. Anderson, 50 Cal. 3d 205,
3 213 (1990).  "The litigation privilege applies to any
4 communications (1) made in a judicial proceeding; (2) by litigants
5 or other participants authorized by law; (3) to achieve the
6 objects of the litigation; (4) that have some connection or
7 logical relation to the action." Sharper Image Corp. v. Target
8 Corp., 425 F. Supp. 2d 1056, 1077 (N.D. Cal. 2006) (citing
9 Silberg, 50 Cal. 3d at 212).  Once these requirements are met,
10 Section 47(b) operates as an absolute privilege. Silberg, 50 Cal.
11 3d at 216.  "Any doubt about whether the privilege applies is
12 resolved in favor of applying it." Kashian v. Harriman, 98 Cal.
13 App. 4th 892, 913 (2002).  Yin makes no argument to the contrary.
14        As noted, the litigation privilege applies to torts other
15 than malicious prosecution.  See Silberg, 50 Cal. 3d at 215-16.
16 The duty of an insurer to deal fairly and in good faith may sound
17 in either contract or tort.  Gruenberg v. Aetna Ins. Co., 9 Cal.
18 3d 566, 573 (1973).  However, the instant claim sounds in tort.
19 See id. at 575 ("when the insurer unreasonably and in bad faith
20 withholds payment of the claim of its insured, it is subject to
21 liability in tort"); see also Collins v. Allstate Indem. Co.,
22 2010 WL 147969, at *5 (N.D. Cal.), rev'd in part on other grounds,
23 428 Fed. App'x. 688 (9th Cir. 2011) (while a rule that Section
24 47(b) does not apply to a claim for bad faith because it sounds in
25 contract and not tort "might hold true in the non-insurance
26 context, it does not apply, where, as here, the bad faith claim is
27 based on payment under an insurance policy," because "insurance
28 bad faith claims sounds [sic] in tort").  That this claim sounds

6

in tort is further supported by the fact that Yin seeks exemplary damages for this claim pursuant to California Civil Code section 3294, which only allows such damages for "breach of an obligation not arising from contract." See 1ACC § 29. Thus, this claim is barred by the litigation privilege, to the extent that it is predicated on the filing of the instant lawsuit.

Allstate also contends that Yin has not alleged an adequate basis for a finding that it acted in bad faith in denying the claim, and that it acted in good faith in seeking a judicial determination of its liability under the policy. Allstate alleges that the policy does not include liability for intentional wrongful acts of any insured, including where compensation is sought from insured persons other than the one who committed that act. Allstate argues that the testimony of Andrew Pira and his grandmother in the state court matter raised the possibility that he lived at the Peabody property at the time of the shooting, thus making him an insured under the policy and precluding Allstate's liability for the judgment against Richard Pira.[2]

---

[2] Allstate requests that this Court take judicial notice of transcripts of the trial testimony of Andrew Pira and Ipac, to establish that they so testified, but not to establish the truth of the facts to which they testified. Yin opposes this request.

Because the contents of the trial transcripts can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Federal Rule of Civil Procedure 201(b)(2), the Court GRANTS Allstate's request and takes judicial notice that Andrew Pira and Ipac testified as they did, but does take judicial notice of the truth of the facts asserted in their testimony. See C. Wright and K. Graham, 21B Federal Practice and Procedure § 5106.4 (discussing the distinction between taking judicial notice of the "existence" of a statement of fact in court records and taking notice of the "truth" of that fact); see also Newman v. San Joaquin Delta Cmty. Coll. Dist., 272 F.R.D. 505, 516 (E.D. Cal. 2011) (internal citations omitted) ("judicially

7

1   As previously quoted, the relevant insurance policy excludes
2 coverage for intentional acts by any insured person.  "In
3 addition, Cal. Ins. Code § 533 (West 1972) provides in relevant
4 part: 'an insurer is not liable for a loss caused by the willful
5 act of the insured.'  Under California law, section 533 is a part
6 of every insurance contract and is equivalent to an exclusionary
7 clause in the contract itself."  Allstate Ins. Co. v. Gilbert, 852
8 F.2d 449, 451 (9th Cir. 1988) (citations omitted).

9   Under similar contract language and applying California law,
10 the Ninth Circuit has barred any coverage for damages arising from
11 an intentional wrongful act of any insured, including where
12 compensation is sought from other insured persons who did not
13 commit the willful act.  See Gilbert, 852 F.2d at 453-454 ("We
14 hold that by excluding insurance coverage for injury or damage
15 intentionally caused by 'an insured person,' Allstate
16 unambiguously excluded coverage for damages caused by the
17 intentional wrongful act of any insured under the policies."); see
18 also Fire Ins. Exch. v. Altieri, 235 Cal. App. 3d 1352, 1361
19 (1991)("Where, as here, the policy excludes coverage for bodily
20 injury intended or expected by 'an' or 'any' insured, the cases
21 have uniformly denied coverage for all claims, including negligent
22 supervision claims.").

23   Here, the jury in the state court action found Andrew Pira
24 liable for both negligence and intentional acts, including
25 battery, in connection with the shooting.  Compl. ¶ 11, Ex. C;
26 Answer ¶ 11.  The jury also found Richard Pira liable for

28 noticing documents in the court's file does not include noticing the truth of the facts asserted in each document").

8

negligent supervision of Andrew and statutorily liable as Andrew's parent for his willful misconduct. Id.  The jury did not distinguish between damages awarded to compensate for the negligent acts and for the intentional acts.  Id.  The parties have cited no cases, and the Court is unaware of any, in which courts have considered the liability of an insurer under similar contract terms when the underlying award stemmed from a mix of negligent and intentional acts of a fellow insured.

Because there was reason for Allstate to believe that Andrew Pira may have been an insured person at the time of the shooting, and the law surrounding the policy's coverage in such a case is unsettled, Yin has not plead facts that would support a finding that Allstate's refusal to pay the claim pending adjudication of its liability by a court was unreasonable.  Accordingly, the Court GRANTS Allstate's motion to dismiss Yin's third counter-claim.  If Allstate is determined to be liable for the judgment against Richard Pira, Yin may seek leave to amend his counter-claim to allege facts that could support a finding that Allstate's refusal was unreasonable.

II.  Fourth counter-claim for injunctive relief and restitution under the UCL

California's Unfair Competition Law (UCL) prohibits any "unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  The UCL incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law.  Chabner v. United of Omaha Life Ins. Co., 225 F.3d 1042, 1048 (9th Cir. 2000). Violation of almost any federal, state or local law may serve as

the basis for a UCL claim. <u>Saunders v. Superior Court</u>, 27 Cal. App. 4th 832, 838-39 (1994).

Allstate contends that Yin has failed to plead facts establishing unlawful, unfair or fraudulent conduct and that Yin has identified no basis for injunctive relief or restitution, the only remedies available under the UCL.

Yin responds that he "plead the requisite facts to support the UCL claim" but fails to identify any such facts. Opp. at 9. In the 1ACC, Yin has incorporated his first three causes of action as the basis for this claim. <u>See</u> 1ACC ¶¶ 30, 32 (incorporating earlier claims by reference and stating, "The business acts and practices of ALLSTATE and Doe Cross-Defendants as hereinabove described constitute unlawful business practices in violation of the UCL.").

The Court has already dismissed Yin's third cause of action. Neither of the first two claims can support a claim for unlawful business practices in violation of the UCL. A breach of contract claim "can form the basis of a claim under the UCL only if the breach 'also constitutes conduct that is unlawful, unfair, or fraudulent.'" <u>KEMA, Inc. v. Koperwhats</u>, 658 F. Supp. 2d 1022, 1033-34 (N.D. Cal. 2009) (citing <u>Puentes v. Wells Fargo Home Mortgage, Inc.</u>, 160 Cal. App. 4th 638, 645 (2008); <u>Nat'l Rural Telecomms. Cooperative v. DIRECTV, Inc.</u>, 319 F. Supp .2d 1059, 1074-75 (C.D. Cal. 2003)). In the first cause of action, Yin seeks recovery of the underlying judgment as a judgment creditor, and does not allege violation of a federal, state or local law.

Accordingly, Allstate's motion to dismiss Yin's fourth counter-claim is GRANTED.

10

III. Fifth counter-claim for declaratory relief

Allstate seeks to dismiss or strike Yin's fifth counter-claim for declaratory judgment, in which Yin seeks a declaration that Allstate owes him a duty to indemnify Richard Pira and to pay the judgment against him. Allstate contends that this claim is redundant of Allstate's declaratory relief claim and Yin's other claims. Yin responds that the claim is not redundant because it seeks a declaration that Andrew Pira is not an insured under the policy, which is not requested in Allstate's claim.

The Declaratory Judgment Act permits a federal court to "declare the rights and other legal relations" of parties to "a case of actual controversy." 28 U.S.C. § 2201. "The Declaratory Judgment Act gives the Court the authority to declare the rights and legal relations of interested parties, but not a duty to do so." Stickrath v. Globalstar, Inc., 2008 WL 2050990, at *3 (N.D. Cal.) (citing Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 533 (9th Cir. 2008)). Courts "have used that discretion to dismiss counterclaims under Fed. Rule Civ. Pro. 12(f) where they are either the 'mirror image' of claims in the complaint or redundant of affirmative defenses." Id. However, this should only be done where the counterclaim truly "serves no 'useful purpose'" in addition to the claims in the complaint. Id. at *4-5 (quoting Pettrey v. Enterprise Title Agency, Inc., 2006 WL 3342633, at *3 (N.D. Ohio)).

This claim serves no useful purpose in addition to Allstate's corresponding claim. Yin seeks to differentiate the claims by pointing only to his request for a declaration that Andrew Pira was not an insured under the policy. However, that determination

11

will necessarily be made in assessing whether Allstate is required to pay the judgment against Richard Pira.

Thus, the Court GRANTS Allstate's motion to strike Yin's fifth counter-claim.

IV. Request for punitive damages

Allstate contends that Yin has failed to allege factual allegations that could support an award for punitive damages and seeks to strike the request.  Yin's request for punitive damages appears to be based on his claim for tortious breach of covenant, because the predicate allegations under California Civil Code section 3294 are contained in that claim.  See 1ACC ¶ 29.  Because the Court has already dismissed this claim, the Court GRANTS Allstate's request to strike Yin's demand for punitive damages.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Allstate's motion to dismiss and to strike portions of Yin's amended counter-complaint (Docket No. 44).

IT IS SO ORDERED.

Dated: 6/4/2012

CLAUDIA WILKEN
United States District Judge

12