IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, an Illinois Corporation,<br><br>      Plaintiff,<br><br>  v.<br><br>ANDREW PIRA, RICHARD PIRA, and ALEXANDER YIN,<br><br>      Defendants.<br>_____/<br>AND ALL RELATED COUNTERCLAIMS AND CROSS-CLAIMS<br>_____/ | No. C 11-3511 CW<br><br>ORDER GRANTING ALLSTATE'S MOTION FOR ENTRY OF JUDGMENT (Docket No. 104) |

On April 19, 2013, the Court granted Plaintiff and Counter-Defendant Allstate Insurance Company's motion for summary judgment in its favor on the second cause of action of its complaint and on all claims made against it by Defendant and Counter-Plaintiff Alexander Yin. Docket No. 101. The Court held that Allstate was not responsible for satisfying any portion of the judgment that Yin won against Defendants Richard and Andrew Pira in a state court action. At that time, the Court directed Allstate to either move for default judgment against the Piras, whose defaults had previously been entered, or dismiss its claims against them and move for entry of judgment.

Allstate now moves to dismiss without prejudice its first and third claims, which were asserted against the Piras only, and to enter judgment against the Piras and Yin on Allstate's second cause of action and against Yin on all of his claims against Allstate. Allstate's motion was served on Yin through the Court's

electronic notification system and on the Piras by mailing. Docket Nos. 104, 106. As of the date of this Order, no opposition or response to the motion has been filed.

Allstate's motion to dismiss its first and third causes of action against the Piras is GRANTED. These claims are dismissed without prejudice.

Allstate also seeks default judgment against the Piras on its second cause of action. "When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999). The Court has diversity jurisdiction over the case pursuant to 28 U.S.C. § 1332 because Allstate is a citizen of Illinois, Defendants are citizens of California and the amount in controversy exceeds $75,000. The Court also has personal jurisdiction over the Piras, who reside in this district. The Court has also reviewed the proofs of service and finds that Allstate properly served the Piras with the summons and complaint through substituted service pursuant to California Code of Civil Procedure section 415.20. See Docket Nos. 7, 12; see also Fed. R. Civ. Proc. 4(e) (providing that service may be made following state law).

Having found these conditions satisfied, the Court considers the following factors to determine whether it should grant a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was

2

> due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citation omitted).

The Eitel factors support default judgment here. First, if the motion were denied, Allstate would be left unable to obtain a determination regarding its obligations to indemnify the Piras on the underlying judgment. Further, Allstate's complaint properly pleads the claim and the Court has already found the claim to be meritorious. In doing so, the Court considered the Piras' sworn testimony from their depositions and found that it did not create a material dispute about the duty of indemnification. Because the Piras have not answered or otherwise appeared, the possibility that they would be able to raise any other meritorious defense is unknown. As to the fourth factor, Allstate seeks declaratory judgment and not money damages. Further, although the declaratory relief sought determines Allstate's obligations to indemnify the Piras for the $1.25 million judgment against them in the underlying case, even considering this amount as being at stake, it is reasonable because it is tailored to the specific facts of the controversy here and supported by the evidence in the record. Finally, there is no evidence that the Piras' failure to appear was the result of excusable neglect. Examining these first six factors, the Court finds that they outweigh the strong policy for a decision on the merits and that default judgment should be entered against the Piras on Allstate's second cause of action.

Accordingly, pursuant to this holding and the Court's prior Orders of June 4, 2012 and April 19, 2013, the Court GRANTS Allstate's motion for entry of judgment.

CONCLUSION

Allstate's motion to dismiss its first and third causes of action and for entry of judgment is GRANTED (Docket No. 104). Allstate's first and third causes of action against the Piras are dismissed without prejudice.

The Clerk shall enter judgment as follows:

(1) That Allstate's first and third causes of action are dismissed without prejudice;

(2) That judgment is entered for Allstate against Andrew Pira, Richard Pira and Yin on Allstate's second claim for relief and for Allstate on all of Yin's claims for relief;

(3) That Allstate has no duty to indemnify Andrew Pira or Richard Pira for the judgment entered against them in the action styled Yin v. Pira, Case No. CGC-07-461391 in the Superior Court of California for the City and County of San Francisco; and

(4) That Allstate shall recover its costs of suit herein pursuant to Fed. R. Civ. P. 54(d)(1).

IT IS SO ORDERED.

Dated: 6/6/2013

CLAUDIA WILKEN
United States District Judge

4